UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAVELL D. GATES,

    Plaintiff,

    v.              Case No. 11-CV-1053

DAVID A. CLARKE, JR., RICHARD SCHMIDT,
MS. KOVALCHUK, and MS. WATTS,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 2), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 11), GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOC. 11), DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT BY APRIL 14, 2012, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR ORDER TO DEMAND JAIL TO SEND PAYMENT (DOC. 14)

Plaintiff, who is incarcerated at the Milwaukee County Correctional Facility - Central, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed an initial partial filing fee of $14.57 and paid $15.00. Accordingly, plaintiff's motion for extension of time to pay the initial partial fee and for an order to demand jail to send payment will be denied as moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on September 26, 2011, defendant Nurse Kovalchuk gave him another inmate's medication and that defendant Nurse Watts was present when the error occurred. Plaintiff informed Nurse Watts the medication was not his and that it belongs to another inmate. He asserts that he was scared as he waited for a doctor, but only a nurse came to see him around 2:00 a.m. At that time, plaintiff's nose was stuffed up, he could not breathe, and he was light-headed. According to plaintiff, he wrote a grievance

regarding Nurse Kovalchuk for attempting to give him someone else's medication on three occasions. He still does not feel well, throws up blood, has constant migraines, and diarrhea. Staff members have been ignoring the problem that plaintiff believes they caused, and he is taking another medication for his stomach. Plaintiff claims that these actions constituted malpractice, violated his constitutional rights and entitle him to monetary relief.

An attachment to the complaint raised separate claims against defendants David A. Clarke, Jr. and Richard Schmidt based on the conditions of confinement at the Milwaukee County Correctional Facility (Jail). According to plaintiff, since May 13, 2011, he has been on "General Population Restricted" status under which he has no mail, visitation, telephone access, newspaper, or television. Moreover, plaintiff maintains that he is deprived of his religion. He further alleges that the mattresses are filthy, they are not cleaned or wiped down, and are dragged on the "nasty" floor by inmate workers who remove them during the day. Plaintiff adds that his body is breaking out, his cell is "super cold", about 40 or 45 degrees, and the vent blows cold air, which caused him to have an asthma attack.

On January 10, 2012, plaintiff filed a document which appears to be an attempt to supplement or amend the complaint. This states that plaintiff seeks to sue an assistant district attorney and Judge Jeffrey Conen for taking his rights from him, thereby leading to his incarceration at the Jail. He then describes additional Jail conditions which he claims violate his rights. At the end of this document, plaintiff lists 31 individuals he would like to sue.

4

Based on the court's reading of the complaint, it appears that plaintiff is attempting to bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

In *George,* the Seventh Circuit reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Here, plaintiff's attempt to consolidate the initial complaint, the attachment, and the January 10, 2012, document violates Rules 18 and 20 insofar as they advance unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claims

must be brought in separate actions. Plaintiff should carefully consider the claims he intends to pursue in this case because in a multi-claim, multi-defendant suit, each claim will be evaluated for the purpose of 28 U.S.C. § 1915(g). If any claim in a complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, plaintiff will incur strikes. *See George*, 507 F.3d at 607.

Because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and that amended complaint will be screened in accordance with 28 U.S.C. § 1915A.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims he brings in an amended complaint, plaintiff must identify each defendant and specify the manner in which that defendant's actions, or failure to take action, violated particular constitutional rights.

Finally, plaintiff has filed a request that the court appoint him an attorney. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant

to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Plaintiff should provide the court with the names and addresses of counsel he has contacted. Moreover at this state, the issues in this case appear to be straightforward, uncomplicated and do not require the involvement of appointed counsel. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that the complaint submitted on November 16, 2011, is hereby stricken.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 11) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend complaint (Docket 11) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is directed to file an amended complaint, using the enclosed form, on or before April 13, 2012, which contains only related claims in accordance with this Order.

IT IS FURTHER ORDERED that the Clerk's Office mail plaintiff a prisoner civil rights complaint form.

IT IS FURTHER ORDERED that if plaintiff does not file an amended complaint by April 14, 2012, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time and for order to demand jail to send payment (Docket 14) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Milwaukee County Sheriff shall collect from plaintiff's prisoner trust account the $325.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

Honorable Charles N. Clevert, Jr.
% Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge